UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALL METAL SALES, INC. | ) | CASE NO. 1:10 CV 2343 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| ALL METAL SOURCE, LLC | ) | **DEFENDANT A METAL SOURCE LLC'S** |
| | ) | **ANSWER TO THE COMPLAINT AND** |
| Defendant. | ) | **COUNTERCLAIM** |

Defendant, A Metal Source LLC, formerly known as All Metal Source LLC ("Defendant" or "Source"), states as follows for its Answer to the Complaint filed by All Metal Sales, Inc. ("Plaintiff" or "All Metal Sales"):

**FIRST DEFENSE**

1.      Defendant denies the allegations of Paragraph 1 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

2.      Defendant denies that ALL METAL is a trademark and denies the remainder of the allegations in Paragraph 2 for lack of information sufficient to form a belief as to the truth of the matters alleged.

3.      Defendant admits that Jessica Esparza is Thomas G. Klocker's step-sister and denies the remainder of the allegations in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations of Paragraph 4 of the Complaint.

5.      Defendant denies the allegations of Paragraph 5 of the Complaint.

6.      Defendant denies the existence of market confusion, asserts that Source is competing legitimately, that Plaintiff's Complaint is merely an attempt to stifle serious new

competition through unjustified litigation, and requests that the Court deny all relief sought by Plaintiff.

7.      Defendant denies the allegations of Paragraph 7 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

8.      Defendant admits the allegations of Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint states a legal conclusion to which no response is required.   To the extent that this Court requires a response, Defendant admits the legal conclusions in paragraph 9 of the Complaint.

10.      Paragraph 10 of the Complaint states a legal conclusion to which no response is required.  To the extent that this Court requires a response, Defendant admits the allegations of Paragraph 10 of the Complaint.

11.      Paragraph 11 of the Complaint states a legal conclusion to which no response is required.  To the extent that this Court requires a response, Defendant admits the allegations of Paragraph 11 of the Complaint.

12.      Paragraph 12 of the Complaint states a legal conclusion to which no response is required.  To the extent that this Court requires a response, Defendant admits the allegations of Paragraph 12 of the Complaint.

13.      Defendant denies the allegations of Paragraph 13 of the Complaint for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

14.      Defendant denies the allegations of Paragraph 14 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

15.      Defendant denies the allegations of Paragraph 15 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

16.     Defendant denies the allegations of Paragraph 16 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

17.     Defendant denies the allegations of Paragraph 17 of the Complaint.

18.     Defendant denies the allegations of Paragraph 18 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

19.     Defendant denies the allegations of Paragraph 19 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

20.     Defendant denies that ALL METAL is a trademark and denies the remaining allegations of Paragraph 20 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

21.     Defendant denies the allegations of Paragraph 21 of the Complaint.

22.     Defendant denies the allegations of Paragraph 22 of the Complaint.

23.     Defendant denies that ALL METAL is a trademark and denies the remaining allegations of Paragraph 23 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

24.     Defendant denies the allegations of Paragraph 24 of the Complaint for lack of information sufficient to form a belief as to the matters asserted.

25.     Defendant admits that the "Thomas Register", also called "ThomasNet.com", ThomasGlobal.com" or "www.solusource" is a national and international buying guide used by many engineers and industrial buyers as a source of information about businesses offering certain goods and services.  Defendant denies the remainder of the allegations of Paragraph 25 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

26.     Defendant admits the allegations of Paragraph 26 of the Complaint.

27.    Defendant denies that ALL METAL is a trademark and denies the remaining allegations of Paragraph 27 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

28.    Defendant denies that ALL METAL is a trademark and denies the remaining allegations of Paragraph 28 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

29.    Defendant admits that Jessica Esparza started a business selling all kinds of metal in all kinds of shapes, and that she named the business "All Metal Source, LLC".  Defendant denies the remaining allegations of Paragraph 29 of the Complaint.

30.    Defendant admits that Jessica Esparza started a metal distribution business in 2003 and discontinued its operation within that same year so that she could accept a job working in the metal distribution business owned by her step-father.

31.    Defendant admits that Jessica Esparza started a business in 2009 selling all kinds of metal in all kinds of shapes, and that she named the business "All Metal Source, LLC". Defendant denies the remaining allegations of Paragraph 31 of the Complaint.

32.    Defendant denies the allegations of Paragraph 32 of the Complaint.

33.    Defendant admits that Source is headquartered in Westlake, Ohio, but identifies its address as:  25935 Detroit Road, Cleveland, Ohio 44145, USA.  Defendant asserts that All Metal Sales, Inc. is identified by its registration with the Ohio Secretary of State as an Ohio corporation located in Lakewood, Ohio, and denies the remaining allegations of Paragraph 33 of the Complaint.

34.    Defendant denies the allegation that it offers to sell at least 31 of the same metal varieties as Plaintiff for lack of information sufficient to form a belief as to the truth of the allegation.  Defendant admits the remaining allegations of Paragraph 34 of the Complaint.

35.     Defendant admits that it has paid to be listed in the ThomasNet online business directory (a) under the name All Metal Source, LLC; (b) by the descriptor of its services – Distributor; (c) offering only metal and alloys of all varieties; (d) offering only metal and alloys in all shapes and sizes; and (e) identifying the segments of industry served by Source, including aerospace, petrochemical and military industries.  Defendant denies the remaining allegations of Paragraph 35 of the Complaint.

36.     Defendant denies the allegations of Paragraph 36 for lack of information sufficient to form a belief as to the truth of the matters asserted.

37.     Defendant denies the allegations of Paragraph 37 for lack of information sufficient to form a belief as to the truth of the matters asserted.

38.     Defendant admits that it received an email on August 30, 2010 from Ancilla Garcia-Coolidge on behalf of the Naval Surface Warfare Center requesting a quotation and making reference to Jim Vandevelde.  Defendant denies that Exhibit A is an attestation of confusion by Ms. Garcia-Coolidge.  Defendant further states that it received separate inquiry from another buyer with the Navy on that same day.  Defendant denies the remaining allegations of Paragraph 38 for lack of information sufficient to form a belief as to the truth of the matters asserted.

39.     Defendant admits that Source exchanged emails with Ms. Garcia–Coolidge and was attempting to provide a quote, as Ms. Garcia-Coolidge had requested in the email. Defendant denies the remaining allegations of Paragraph 39 of the Complaint.

40.     Defendant denies the allegations of Paragraph 40 of the Complaint for lack of information sufficient to form a belief as to the matters asserted.

41.     Defendant denies the allegations of Paragraph 43 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters asserted.

42.      Defendant admits that it received a letter dated September 2, 2010 from counsel for All Metal Sales, Inc. asserting that Source was using "All Metal" unlawfully and asserting customer confusion.   Defendant denies the remaining allegations of Paragraph 42 of the Complaint.

43.      Defendant denies that Ms. Esparza asked her step-father to contact Thomas G. Klocker and denies the remaining allegations of Paragraph 43 of the Complaint for lack of information sufficient to form a belief as to the matters asserted.

44.      Defendant admits that it changed its name from "All Metal Source, LLC" to "A Metal Source, LLC" to avoid the expense of litigation, admits that it has been changing business and advertising references from "All Metal Source" to "A Metal Source" as opportunity to do so arises, states that it has no control over certain remaining references to "All Metal Source", denies that ALL METAL is a trademark, denies that "A Metal Source" is confusingly similar to "All Metal", with or without a stylized capital A logo, and denies the remaining allegations of Paragraph 44 of the Complaint.

45.      Defendant denies the allegations of Paragraph 45 of the Complaint.

## COUNT ONE
### Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

46.      Defendant hereby incorporates by reference all admissions, denials, and statements in Paragraphs 1 – 45 of its Answer as if fully rewritten herein.

47.      Defendant denies the allegations of Paragraph 47 of the Complaint.

48.      Defendant denies the allegations of Paragraph 48 of the Complaint.

49.      Defendant denies the allegations of Paragraph 49 of the Complaint.

50.      Defendant denies that ALL METAL is a trademark and denies the remaining allegations of Paragraph 50 for lack of information sufficient to form a belief as to the truth of the matters asserted.

51.     Defendant denies the allegations of Paragraph 51 of the Complaint.

52.     Defendant denies the allegations of Paragraph 52 of the Complaint.

53.     Defendant denies the allegations of Paragraph 53 of the Complaint.

54.     Defendant denies the allegations of Paragraph 54 of the Complaint.

55.     Defendant denies the allegations of Paragraph 55 of the Complaint.

56.     Defendant denies the allegations of Paragraph 56 of the Complaint.

57.     Defendant denies the allegations of Paragraph 57 of the Complaint.

58.     Defendant denies the allegations of Paragraph 58 of the Complaint.

59.     Defendant denies the allegations of Paragraph 59 of the Complaint.

## COUNT TWO
**Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.01 *et. seq*.**

60.     Defendant hereby incorporates by reference all admissions, denials, and statements in Paragraphs 1 – 59 as if rewritten herein.

61.     Defendant denies the allegations of Paragraph 61 of the Complaint.

62.     Defendant denies the allegations of Paragraph 62 of the Complaint.

63.     Defendant denies the allegations of Paragraph 63 of the Complaint.

64.     Defendant denies the allegations of Paragraph 64 of the Complaint.

65.     Defendant denies the allegations of Paragraph 65 of the Complaint.

66.     Defendant denies the allegations of Paragraph 66 of the Complaint.

67.     Defendant denies the allegations of Paragraph 67 of the Complaint.

68.     Defendant denies the allegations of Paragraph 68 of the Complaint.

69.     Defendant denies the allegations of Paragraph 69 of the Complaint.

## COUNT THREE
### Unfair Competition

70.     Defendant hereby incorporates by reference all admissions, denials, and statements in Paragraphs 1 – 69 as if fully rewritten herein.

71.     Defendant denies the allegations of Paragraph 71 of the Complaint.

72.     Defendant denies the allegations of Paragraph 72 of the Complaint.

73.     Defendant denies the allegations of Paragraph 73 of the Complaint.

## COUNT FOUR
### Unjust Enrichment

74.     Defendant hereby incorporates by reference all admissions, denials, and statements in Paragraphs 1 – 73 as if fully rewritten herein.

75.     Defendant denies the allegations of Paragraph 75 of the Complaint.

76.     Defendant denies the allegations of Paragraph 76 of the Complaint.

77.     Defendant denies the allegations of Paragraph 77 of the Complaint.

78.     Defendant denies the allegations of Paragraph 78 of the Complaint.

79.     Defendant denies the allegations of Paragraph 79 of the Complaint.

80.     Defendant denies the allegations of Paragraph 80 of the Complaint.

## SECOND DEFENSE

81.     The term ALL METAL as used in connection with the sale of metal products of all types and forms is generic and cannot be a valid trademark.

## THIRD DEFENSE

82.     Plaintiff has failed to state a claim for which it is entitled to relief.

## FOURTH DEFENSE

83.     Plaintiff has waived its right to assert trademark rights in ALL METAL by its failure to assert such rights against the multiple other companies that use the phrase "all metal"

in connection with the sale of  metal products, as illustrated in part by the Thomas Register listings attached to this Answer as Exhibit A.

### FIFTH DEFENSE

84.     Plaintiff is estopped from asserting these claims as it has not asserted rights to an ALL METAL trademark against the multiple other companies that use the phrase "all metal" in connection with the sale of  metal products, as illustrated in part by the Thomas Register listings attached to this Answer as Exhibit A.

### SIXTH DEFENSE

85.     The alleged mark is a phrase used by others as a mark or trade name.

### SEVENTH DEFENSE

86.     Plaintiff has suffered no damages as a result of the alleged conduct of Source.

### EIGHTH DEFENSE

87.     There is no likelihood of confusion between All Metal Sales, Inc. and All Metal Source, LLC.

### NINTH DEFENSE

88.     There is no likelihood of confusion between All Metal Sales, Inc. and A Metal Source, LLC.

### TENTH DEFENSE

89.     Use of the phrase "all metal" is merely descriptive of the products sold by Plaintiff and by Defendant and does not have secondary meaning associating Plaintiff as the source of "all metal".

### ELEVENTH DEFENSE

90.     Defendant's use of "all metal" is fair use.

## TWELFTH DEFENSE

91.     Defendant's use of "all metal" is nominative fair use.

## THIRTEENTH DEFENSE

92.     Defendant has received no financial benefit from any confusion over its association, or lack of association, with Plaintiff.

## FOURTEENTH DEFENSE

93.     Plaintiff's claims are barred by laches.

## FIFTEENTH DEFENSE

94.     Plaintiff is not entitled to relief on its claim because Plaintiff has unclean hands.

WHEREFORE, Defendant A Metal Source LLC prays that the Plaintiff's Complaint be denied and dismissed at Plaintiff's costs and that Defendant be awarded reasonable attorneys fees under 15 U.S.C. § 1117(a) for having to defend against Plaintiff's oppressive action.

## DEFENDANT'S COUNTERCLAIM

Defendant A Metal Source, LLC, formerly known as All Metal Source, LLC ("Defendant" or "Source"), for its Counterclaim against All Metal Sales, Inc. ("Plaintiff" and "All Metal Sales") states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over Source's Counterclaim pursuant to 28 U.S.C. § 1367 as the Counterclaim forms part of the same case or controversy as the claims brought under the Courts' original jurisdiction.

2.     This Court has jurisdiction over All Metal Sales, Inc. because it is a corporation with its principal place of business in Ohio and because it has availed itself of the jurisdiction of this Court by bringing suit here against Defendant.

3.      Venue is proper under 28 U.S.C. § 1391 because the Northern District of Ohio is the jurisdiction in which both Plaintiff and Defendant reside and in which a substantial part of the events giving rise to Defendant's counterclaim arise.

## BACKGROUND FACTS

4.      Defendant's President, Jessica Esparza, and her step-brother, Thomas G. Klocker, both learned the business of sourcing all types and forms of metal products from Thomas P. Klocker, who established Midwest Metals, Inc. ("Midwest") in 1978.

5.      While Thomas G. Klocker was still working as an employee of his father's business in 1999, he formed All Metal Sales, Inc. and began diverting sales from Midwest to All Metal Sales, Inc.

6.      Ms. Esparza completed her education and intermittently worked as an employee of the company run by Thomas P. Klocker, Midwest, until 2009.

7.      In June 2009, Ms. Esparza stopped going to work at Midwest because she had not received a paycheck for many weeks.  When it became apparent that she would never get paid for those unpaid weeks in April and May 2009, Ms. Esparza filed for unemployment and started looking for work.  Her job search was unsuccessful, so she decided to concentrate on what she knew best and formed her own metal distribution company.  She registered Defendant with the Ohio Secretary of State as All Metal Source, LLC on November 11, 2009.

8.      Defendant was established to be a metal distributor and service center of metals and alloys.

9.      Defendant specializes in supplying both large and small industrial and government end-users with a wide variety of all metals.  Defendant also supplies to the general public.

10.     Ms. Esparza knew from her experience in this field that many metal distributors include the phrase "all metal" in their business name.

11.     The Thomas Register shows multiple metal distributors with the phrase "all metal" in their name.  See Exhibit A.

12.     The Ohio Secretary of States' website includes registrations for All Metals, Inc., All Metal Recycling, Inc. and All Metal Fabricators.  See Exhibit B.

13.     When forming, Defendant distinguished its use of the all metal description of the type of goods offered through the company by adding the word "Source" to form its name, All Metal Source, LLC.

14.     Defendant invested in creating a website, printing business cards, and advertising its services and products in relevant trade publications using the name All Metal Source, LLC.

15.     Defendant's website was well-designed and quickly attracted potential business to Defendant.

16.     Ms. Esparza knew the business well from her years of service to Midwest Metals, Inc. and began to build the sales and the reputation of All Metal Source, LLC.

17.     In September of 2010, Ms. Esparza received a letter addressed to her personally, insisting that she cease and desist the use of the phrase "all metal" in the name of her metal distributing business.  The letter dated September 2, 2010 asserted that All Metal Sales, Inc. owned the right to the All Metal mark and that her use of "all metal" was in violation of the Lanham Act, Ohio statutes and common law.

18.     Plaintiff does not own a federal trademark or service mark registration for the phrase "All Metal".

19.     Plaintiff does not own a federal trademark or service mark registration for the logo design identified in Paragraph 18 of the Complaint, namely a large capital "A" with a swirl around it over top of "All Metal Sales, Inc.".

20.     Plaintiff does not own a state trademark or service mark registration for the phrase "all metal".

21.     Plaintiff does not own a state trademark or service mark registration for the logo design identified in Paragraph 18 of the Complaint, namely a large capital "A" with a swirl around it over top of "All Metal Sales, Inc.".

22.     Ms. Esparza knew that many other companies had used the "all metal" phrase for years in their company names and in their descriptions of products and capabilities.  She suspected that the cease and desist letter was intended to intimidate her from competing with her step-brother.

23.     After receiving the September 2 letter, Ms. Esparza overheard a conversation between Thomas P. Klocker and Thomas G. Klocker in which the Thomas G. Klocker made clear that he would not consider dropping his claim against Source.  His statements in the conversation indicated that his intention in bringing this lawsuit was to prevent Ms. Esparza from competing under any name and to destroy her fledgling company.  Thomas G. Klocker openly said he does not want his step-sister to remain in the business.

24.     Faced with the choice between the cost of changing her company's name and the cost of litigating, Ms. Esparza chose to change the name of her company to A Metal Source, LLC.  She sent in a certificate of amendment dated October 8, 2010 to the Ohio Secretary of State.  The amendment was filed on October 19, 2010.  See Exhibit C.

25.     On October 14, 2010, as Defendant's name change filing was in process with the Ohio Secretary of State, Plaintiff filed its Complaint.

26.     Plaintiff was aware that Defendant had changed its name in response to the cease and desist letter, but filed its hard-charging lawsuit anyway.

27.     Defendant at no time believed that All Metal Sales, Inc. was the only company that could use the phrase "all metal" in the name of its metal distribution business.

28.     Defendant at no time believed that its use of "all metal" in the name All Metal Source, LLC was infringing on any ownership rights of Plaintiff.

29.     Defendant did not believe that the relevant purchasing public would confuse Defendant's business for Plaintiff's business.

30.     Plaintiff filed its action, knowing Defendant had changed its business name to A Metal Source, and knowing that it had suffered no damage attributable to Defendant's use of the name All Metal Source, LLC or A Metal Source, LLC.  Plaintiff filed an action asking the Court to enjoin unfair competition when Plaintiff's real intent is to destroy Defendant's ability to succeed as a new business in competition with Plaintiff.

## COUNT ONE
### Malicious Prosecution

31.     Defendant incorporates by reference all admissions, denials and statements in Paragraphs 1 – 94 of its Answer, and all allegations and statements in Paragraphs 1 – 30 of this Counterclaim as if fully rewritten herein.

32.     When it learned that a potential customer had contacted Defendant by mistake when intending to contact Plaintiff, Plaintiff sent a cease and desist letter and then proceeded to file suit to enjoin alleged violations of the Lanham Act, the Ohio Deceptive Trade Practices Act, and state common law unfair competition claims.  Plaintiff had probable cause to do so.

33.     Plaintiff has taken one small mistake by a customer which did not result in Plaintiff losing a sale to Defendant and used it as an opportunity to saddle a new competitor with the costs of defending a federal lawsuit.  Plaintiff determined to use the action to try and destroy

Defendant's business by diverting the time and resources of Defendant and forcing Defendant to compete while uncertain of its ability to use the name and reputation it was building with its customers and suppliers.

34.     Plaintiff has filed this action in an attempt to accomplish an ulterior motive for which it was not designed.

35.     Defendant has suffered damage in connection with Plaintiff's wrongful use of process and the legal system in an amount greater than $15,000.

**COUNT TWO**
**Unfair Competition**

36.      Defendant incorporates by reference all admissions, denials and statements in Paragraph 1 – 94 of its Answer and all of the allegations and statements in Paragraph 1 – 35 of this Counterclaim as if fully rewritten herein.

37.     Plaintiff is pursuing costly litigation over one instance of alleged confusion which did not result in Plaintiff losing an opportunity to make its bid.  Plaintiff has not sought to challenge any other metal distributor's use of the phrase "all metal".   Plaintiff's purpose in pursuing this litigation is not the protection of a widely used phrase describing Plaintiff and Defendant's business.  Rather, Plaintiff's pursuit of this litigation, using its more established financial resources and this Court, is for the purpose of destroying Source, an emerging competitor.

38.     Plaintiff's actions amount to malicious litigation and are not consistent with fair competition.

39.     Plaintiff's actions have caused substantial commercial injury to Source.

WHEREFORE, A Metal Source, LLC prays for judgment against All Metal Sales, Inc. as follows:

1.      Compensatory damages in excess of $15,000, with the exact amount to be determined at trial, plus interest.

2.      Attorneys' fees.

3.      Costs of the action.

4.      Any further relief that the Court deems appropriate.

Respectfully submitted,


*/s/ Suzanne Bretz Blum*
Amanda Martinsek (0058567)
Suzanne Bretz Blum (0047231)
THACKER MARTINSEK LPA
2330 One Cleveland Center
1375 East 9th Street
Cleveland, OH  44114
Tel:  (216) 456-3840
Fax: (216) 456-3850
*amartinsek@tmpla.com*
*sblum@tmlpa.com*

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendant A Metal Source, LLC's Answer to the Complaint and Counterclaim* was filed electronically this 16th day of December, 2010.  Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for all parties as indicated on the electronic filing receipt. Parties and their counsel may access this filing through the Court's system.

*/s/ Suzanne Bretz Blum*
One of the Attorneys for Defendant

517044