IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALL METAL SALES, INC., | ) | CASE NO.: 1:10 CV 2343 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| ALL METAL SOURCE, LLC, | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |

This matter is before the Court on Plaintiff, All Metal Sales, Inc.'s Motion to Dismiss Counterclaim Under Rule 12(b)(6). (ECF #9). Defendant, A Metal Source, LLC f/k/a All Metal Source, LLC opposes the motion and seeks leave to amend its counterclaim. (ECF #13, 14). Plaintiff filed a Reply in support of its motion. The Court grants Defendant's motion to amend its counterclaim and will apply the questions raised in the Motion to Dismiss to the Amended Counterclaim. (ECF #14). After careful consideration of the briefs and a review of all relevant authority, Defendants' Motion to Dismiss the counterclaims is GRANTED.

## **STANDARD OF REVIEW**

On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).  However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993).  "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555.  In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## **ANALYSIS**

Defendant raises two counterclaims in its Answer: Abuse of Process and Unfair Competition. It claims that Plaintiff filed its lawsuit with probable cause, while simultaneously claiming that Plaintiff knew that it had suffered no damages attributable to Defendant's use of the name "All Metal Source, LLC" or "A Metal Source, LLC." Further, Defendant alleges that Plaintiff filed the suit with the improper intent of destroying Defendant's business and preventing it from competing with Plaintiff's business.

### A. Abuse of Process

A claim for Abuse of Process contains three elements: (1) a legal proceeding that has been set in motion in proper form and with probable cause; (2) the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) direct damage has resulted from the wrongful use of process. *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 662 N.E.2d 9, 14 (Ohio 1996). Under Ohio law, abuse of process does not encompass claims alleging that a lawsuit was properly brought, but with a malicious or improper motive. *See, Yaklevich v. Kem, Schaeffer & Rowe Co.,* 68 Ohio St.3d 294, 297-98 & N.2 (1994); *Ruggerio v. Kavlich*, 2010 WL 3351429, 2010-Ohio-3995, at ¶ 26-27, 32. Outside of the allegation that Plaintiff's filing of the suit was done with improper motives, Defendant has made no allegation the post-filing proceedings have been perverted, in order to satisfy some purpose not addressed by the litigation itself. The abuse of process counterclaim, therefore, should be dismissed.

B. Unfair Competition

The federal *Noerr-Pennington* doctrine, provides immunity against claims that would have a chilling effect on a company's First Amendment right to seek redress of grievances through the filing of a lawsuit. *Professional Real Estate Investors v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56-57 (1993). This immunity does not extend, however, to the filing of baseless lawsuits, or "sham litigation." In order to be considered baseless, or sham, for purposes of the *Noerr-Pennington* exception, the lawsuit must be filed without probable cause. *Id* at 62-63. A company's motive for filing a lawsuit is irrelevant to the inquiry, so long as probable cause exists for the filing of the action. *Id.* at 59.

Ohio common law recognizes a claim for unfair competition based on malicious litigation.[1] *See, Water Mgmt. Inc. v. Stayanci*, 472 N.E.2d 715, 715 (Ohio 1984); *Microsoft Corp. v. Action Software*, 136 F.Supp.2d 735, 740 (N.D. Ohio 2001). The elements and standards for proving an unfair competition claims based on malicious litigation, however, are not well established under Ohio law. There appears to be a single, unpublished opinion from the Ohio Court of Appeals for the Tenth District that has held that an unfair competition claims based on malicious litigation does not require a showing that the lawsuit was filed without probable cause, or is objectively baseless. *See, The American Chemical Society v. Leadscope, Inc*., 10th Dist. No. 08AP-1026, 2010 Ohio 2725.[2] That case has been accepted for review by the Ohio Supreme Court. *See Am. Chem. Society*

---

[1] Malicious litigation, as the basis for an unfair competition claim, is separate and distinct from a claim for malicious prosecution, and does not require proof of all of the same elements. *See, Microsoft Corp*., 136 F.Supp.2d at 740, n.5.

[2] A Northern District of Ohio case, *Microsoft Corp. v. Action Software*, 136 F.Supp.2d 735, 739 (N.D. Ohio 2001), also seems to avoid the objective baselessness standard, defining

*v. Leadscope, Inc*., Ohio Sup. Ct., Case No. 2010-1335.    This one unpublished case does not provide the Court with evidence of the state of the law in Ohio on this issue.  Further, as the *Noerr-Pennington* immunity is based in the First Amendment of the United States Constitution, the state of the law in Ohio is not controlling on the issue.

It is clear that any unfair competition claim arising from malicious litigation, however, that may be defined under the Ohio common law, must also fall within the exception to *Noerr-Pennington* immunity in order to be a recognized and enforceable cause of action.  The federal case law dictates that there is no exception to the immunity when the lawsuit in question is supported by probable cause, or when there is an objective basis for the claims.   Therefore, a claim for unfair competition arising from malicious litigation must allege that there was no objective basis, or probable cause to bring the action.   Defendant has made no such allegation in its counterclaim.  Therefore, the counterclaim must be dismissed for failure to state a claim under Civ. R. 12(b)(6).

---

malicious litigation as a litigation "not brought in good faith, but rather for the purpose of destroying a rival."  *Id.* at 39.  However, in that case, the Defendant did allege that the lawsuit was brought without probable cause.  Therefore, it, at least alleged facts that would have brought it within the sham exception to the *Noerr-Pennington* immunity.

-5-

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Amend Counterclaim is GRANTED. (ECF #14).  Plaintiff's Motion to Dismiss Counterclaim Under Rule 12(b)(6), (ECF #9) (as applied to the now Amended Counterclaim) is also GRANTED.  The Counterclaims asserted by Defendant are hereby dismissed.   IT IS SO ORDERED.


    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge


DATED:   March 11, 2011