IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALL METAL SALES, INC., ) | CASE NO. 1:10 CV 2343 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| ALL METAL SOURCE, LLC, ) | |
| ) | |
| Defendant. ) | MEMORANDUM OPINION |
| ) | AND ORDER |

This case is before the Court on Plaintiff, All Metal Sales, Inc.'s Motion to Enforce Settlement. (ECF #27). Plaintiff asserts that the parties entered into an enforceable settlement agreement on March 18, 2011. Defendant All Metal Source, LLC. opposes the motion, contending that no agreement was ever reached. (ECF #28). The Court held an evidentiary hearing where testimony was presented on the issues, and the parties were given leave to supplement their briefs following the hearing. Having considered the briefs, as well as all evidence and argument presented at the hearing, the Court finds that the Plaintiff failed to prove by a preponderance of the evidence that an enforceable agreement had been reached. Plaintiff's motion is, therefore, DENIED.

A settlement agreement is an enforceable contract, setting forth terms that will suffice to terminate the litigation. *See Continental West Condominium Unit Owners Assn. v. Howard E.*

*Ferguson, Inc.*, 74 Ohio St.3d 501, 502 (1996). A valid settlement agreement must arise from a meeting of the minds, and must contain an offer and acceptance of the essential or material terms of the agreement. *See, e.g., Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376 (1997); *Episcopal Retirement Home, Inc. v. Ohio Dept. Of Indus., Relations,* 61 Ohio St.3d 366, 369 (1991); *Noroski v. Fallet,* 2 Ohio St.3d 77, 79 (1982).

In a contract dispute, such as this, the Plaintiff has the burden of proving the existence of a contract by the preponderance of the evidence. Plaintiff in this case has not been able to satisfy this burden. Plaintiff's witness testified that he believed an agreement had been reached on all material terms, while Defendant's witness testified that negotiations were underway but no agreement had ever been reached. Even giving full credence to the testimony of Plaintiff's witness, the evidence shows, at best, that one side believed that an agreement had been reached on the essential terms of a settlement. Evidence of one side's understanding, however, does not establish that there was a meeting of the minds by a preponderance of the evidence.

The evidence presented at the July 12, 2011 hearing shows that the parties were negotiating and attempting to come to an agreement that would settle this litigation, however, Plaintiff failed to establish that the parties had actually achieved a meeting of the minds, or that Defendant had accepted the material terms of Plaintiff's offer. On March 14, 2011, Plaintiff sent an email containing a list of twelve specific demands or terms that it required in order to settle the dispute and dismiss the case with prejudice. (ECF #27-2). This constituted an offer of settlement. On March 18, 2011, Defendant replied by email accepting the proposal "in substance," but with revisions to many of the terms proposed by the Plaintiff. (ECF # 27-2). This email attached a proposed settlement agreement that significantly altered the twelve terms

proposed by the Plaintiff. Therefore, although the email states that Defendant "accepts your settlement proposal, in substance," it is clear from the remaining language and from the attached proposal, that this was not an acceptance of the offer put forth by the Plaintiff on March 18, 2011. Rather, the attached proposal constituted a counter-offer, that contained some, but not all, of Plaintiff's proposed material terms.

There is no question that Plaintiff never accepted this counter-offer. In fact, Plaintiff responded with a written proposal that put back many of the terms that the Defendant had removed (i.e. refused to accept) from its original settlement demand. The Defendant never responded to the second proposal from the Plaintiff. The fact that the Plaintiff did not accept Defendant's counter-offer, and that it put back the terms Defendant had omitted in its own counter-proposal, indicates that the Plaintiff deemed the omitted terms to be material. The fact that Defendant never agreed to these terms indicates that it also viewed the terms as material and that it was not willing to accept them as part of any settlement agreement. Therefore, the evidence does not support a finding that Plaintiff has proved by a preponderance of the evidence that there was a meeting of the minds with regard to the formation of a binding settlement agreement. Further, Plaintiff failed to establish by a preponderance of the evidence, that either party had accepted the material terms of the other side's proposal.

## CONCLUSION

For all of the reasons set forth above, Plaintiff's Motion to Enforce Settlement is DENIED. Trial in this matter is scheduled for October 17, 2011 at 8:30 a.m.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
Donald C. Nugent,
United States District Judge

Date: July 20, 2011