**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ALL METAL SALES, INC.**, | : Case No.: 1:10-CV-02343 |
| Plaintiff, | : |
| | : Judge Donald C. Nugent |
| vs. | : |
| **ALL METAL SOURCE, LLC**, | : **DEFENDANT'S RESPONSE TO** |
| | : **PLAINTIFF'S RENEWED MOTION** |
| | : **FOR JUDGMENT AS A MATTER OF** |
| Defendant. | : **LAW OR FOR A NEW TRIAL** |

Now comes Defendant, All Metal Source, LLC, nka A Metal Source, LLC ("A Metal"), by and through its attorney, and responds to Plaintiff's Renewed Motion for Judgment as a Matter of Law or for New Trial filed by Plaintiff on February 6, 2012. Plaintiff's Motion comes after a jury verdict completely exonerated Defendant of trademark infringement or unfair competition against Plaintiff.

**MOTION FOR JUDGMENT [FRCP R. 50]**

In its Memorandum in Support of its Motion, Plaintiff pays scant attention to the argument that its Renewed Motion for Judgment should be granted.

Defendant submits that so little attention is paid to this part of its Motion because there is no weighing of evidence to be conducted by the trial court. As the Sixth Circuit stated in the case of *K & T Enterprises, Inc. v. Zurich Ins. Co.*, 97 F.3d 171 (6th Cir. 1996):

"The evidence should not be weighed. The credibility of the witnesses should not be questioned. The judgment of this court should not be substituted for that of

1

the jury. Instead, the evidence should be viewed in the light most favorable to the party against whom the motion is made, and that party given the benefit of all reasonable inferences. The motion should be granted, and the district court reversed, only if reasonable minds could not come to a conclusion other than one favoring the movant. *Wehr v. Ryan's Family Steak Houses, Inc.*, 49 F.3d 1150, 1152 (6th Cir.1995); *Phelps v. Yale Security, Inc.*, 986 F.2d 1020, 1023 (6th Cir.), cert. denied, 510 U.S. 861, 114 S.Ct. 175, 126 L.Ed.2d 135 (1993)." Id. at 175-176.

It may be inferred that, because so little attention is being paid to its FRCP R. 50 motion, Plaintiff all but concedes that this court will view the evidence adduced at trial in the light most favorable to Defendant A Metal, and that this court will not conclude that reasonable minds could only come to a conclusion favoring the Plaintiff.

Defendant submits that, with good reason, Plaintiff's FRCP R. 50 Motion should not be granted. Specifically, the jury empanelled herein heard all the evidence from both sides, considered Plaintiff's arguments that there was a likelihood of confusion, that Plaintiff's name "All Metal" was a protectable trademark, and that the phrase "All Metal" had secondary meaning. However, after considering the instructions on these points of law by the court and after being given ten interrogatories specifically addressing whether Defendant infringed on Plaintiff's mark, the jury answered in the negative with respect to each and every interrogatory.

For Plaintiff to now argue that it did not have a reasonable jury and that this court should reject the jury's verdict when the evidence is viewed most favorably to the Defendant is illogical and incredible. The jury verdict should stand.

**MOTION FOR NEW TRIAL**

In the case of *Woodbridge v. Dahlberg*, 954 F.2d 1231 (6th Cir. 1992), the Court of Appeals stated the standard for considering a Motion for New Trial under FRCP R. 59:

"The district court, in considering a motion for a new trial, must weigh the evidence, compare the opposing proofs, and set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence. *** (citing *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir.1981)). It should deny the motion if the verdict is one which could reasonably have been reached. *** The verdict is not unreasonable simply because different inferences and conclusions could have been drawn or because other results are more reasonable. *** See also Duncan v. Duncan, 377 F.2d 49, 52 (6th Cir.), cert. denied, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260 (1967)." (citations omitted).

The nub of Plaintiff's argument in support of its Motion for a New Trial is that the elements of "secondary meaning" and likelihood of confusion were "dispositively proven at trial," and therefore "the jury's verdict of no infringement should not stand." Plaintiff's Memorandum in Support at 4.

Defendant submits that the jury's verdict speaks for itself, that the jury reasonably came to the conclusion, based on what it heard in evidence, that the phrase "All Metal" did not have secondary meaning and that there was no likelihood of confusion from the consuming public.

Thus, the jury heard that Defendant changed its name from "All Metal Source, LLC" to "A Metal Source,LLC;" and could have easily concluded that there is no likelihood of confusion between those two names.

The jury also heard that there are at least sixty-two other companies in the United States that have "All Metal" as part of their name, so the jury could very well ask itself why the Plaintiff company in Westlake, Ohio should have secondary meaning to its name when none of the other sixty-two companies with the same name have secondary meaning to their name.

Moreover, in order to buttress its argument for likelihood of confusion, the jury heard testimony from a U.S. Navy enlisted person that she was confused between Plaintiff and Defendant when she was seeking quotations for metal from different providers. The fact that one potential customer was confused in the fifteen months between Defendant's launch of her company and trial would allow the jury to reasonably conclude either that the likelihood of confusion was negligible, or that the confusion by the Navy enlisted person was an isolated incident that is unlikely to be repeated.

What is paramount in this discussion is that reasonable minds could come to the conclusion reached by the jury: that there was sufficient evidence adduced by the Defendant for the jury to conclude that no infringement of Plaintiff's trademark, if any, was committed by Defendant.

## CONCLUSION

Defendant submits that there is no legal basis for Plaintiff's Renewed Motion for Judgment as a Matter of Law or for a New Trial, and that both motions should be denied by this court.

        Respectfully submitted,


        /s/ J. Michael Drain, Jr.
        MICHAEL DRAIN (Ohio #0003656)
        147 Bell Street
        Suite 202
        Chagrin Falls, Ohio 44022
        440/247-3380
        440/247-2677 fax
        Attorney for Defendant

## **CERTIFICATE OF SERVICE**

 I hereby certify that on February 21, 2012, a copy of this Defendant's Response to Renewed Motion for Judgment as a Matter of Law or for a New Trial was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.


        /s/ J. Michael Drain, Jr.
        MICHAEL DRAIN (Ohio #0003656)
        Attorney for Defendant