UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALL METAL SALES, INC., | ) | CASE NO. 1:10 CV 2343 |
| | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ALL METAL SOURCE, LLC, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Renewed Motion for Judgment as a Matter of Law or, for a New Trial(ECF #71). On January 5, 2012, after a two day trial, the twelve member Jury returned unanimous Interrogatory Answers finding that Plaintiff had not demonstrated the elements necessary for its claims of unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1))A); violation of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01 et. seq.; unfair competition; and unjust enrichment all based upon Defendant's alleged infringement of Plaintiff's trademark "All Metal" and its A Logo

The Jury, in open court, returned the following unanimous Answers to Interrogatories:

### INTERROGATORY NUMBER 1

Do you find that Plaintiff All Metal Sales, Inc. proved by a preponderance of the evidence that Defendant's use of "All Metal Source, LLC" infringed on Plaintiff's "All Metal" trademark in violation of the Lanham Act?

___NO___ (insert in ink "YES" or "NO" according to your findings)

## INTERROGATORY NUMBER 2

Do you find that Plaintiff All Metal Sales, Inc. proved by a preponderance of the evidence that Defendant's use of "All Metal Source, LLC" willfully infringed Plaintiff's "All Metal" trademark in violation of the Lanham Act?

__NO____(insert in ink "YES" or "NO" according to your findings)

## INTERROGATORY NUMBER 3

Do you find that Plaintiff All Metal Sales, Inc. proved by a preponderance of the evidence that Defendant's use of "A Metal Source, LLC" infringed Plaintiff's "All Metal" trademark in violation of the Lanham Act?

_NO_____(insert in ink "YES" or "NO" according to your findings)

## INTERROGATORY NUMBER 4

Do you find that Plaintiff All Metal Sales, Inc. proved by a preponderance of the evidence that Defendant's use of "A Metal Source, LLC" willfully infringed Plaintiff's "All Metal" trademark in violation of the Lanham Act?
_NO_____(insert in ink "YES" or "NO" according to your findings)

## INTERROGATORY NUMBER 5

Do you find that Plaintiff All Metal Sales, Inc. proved by a preponderance of the evidence that Defendant's use of "All Metal Source, LLC" infringed Plaintiff's A Logo in violation of the Lanham Act?

__NO_____(insert in ink "YES" or "NO" according to your findings)

2

### INTERROGATORY NUMBER 6

Do you find that Plaintiff All Metal Sales, Inc. proved by a preponderance of the evidence that Defendant's use of "All Metal Source, LLC" willfully infringed Plaintiff's A Logo in violation of the Lanham Act?

__NO_____(insert in ink "YES" or "NO" according to your findings)

### INTERROGATORY NUMBER 7

Do you find that Plaintiff All Metal Sales, Inc. proved by a preponderance of the evidence that Defendant's use of "A Metal Source, LLC" infringed Plaintiff's A Logo in violation of the Lanham Act?

__NO_____(insert in ink "YES" or "NO" according to your findings)

### INTERROGATORY NUMBER 8

Do you find that Plaintiff All Metal Sales, Inc. proved by a preponderance of the evidence that Defendant's use of "A Metal Source, LLC" willfully infringed Plaintiff's A Logo in violation of the Lanham Act?

___NO_____(insert in ink "YES" or "NO" according to your findings)

### INTERROGATORY NUMBER 9

Do you find that Plaintiff All Metal Sales, Inc. proved by a preponderance of the evidence that Plaintiff's "All Metal" trademark was infringed by cyberpiracy in violation of the Lanham Act by Defendant's use of the domain name "AllMetalSource.com"?

_NO_____(insert in ink "YES" or "NO" according to your findings)

### INTERROGATORY NUMBER 10

> Do you find that Plaintiff All Metal Sales, Inc. proved by a preponderance of the evidence that Plaintiff's "All Metal" trademark was infringed by cyberpiracy in violation of the Lanham Act by Defendant's use of the domain name "AMetalSource.com"?
>
> __NO_____(insert in ink "YES" or "NO" according to your findings)

The Court accepted the Jury's Answers and entered Judgment in favor of Defendant on Plaintiff's Complaint. Plaintiff now moves for judgment as a matter of law that: (1) Plaintiff's ALL METAL trademark has secondary meaning; (2) Defendant's use of the "All Metal" term in its first business name All Metal Source, LLC, infringed Plaintiff's ALL METAL mark in violation of the Lanham Act, Ohio's Deceptive Trade Practices Act and unfair competition law; and (3) that Plaintiff's use of "A Metal Source, LLC" as its second business name infringed Defendant's ALL METAL mark in violation of the Lanham Act, Ohio's Deceptive Trade Practices Act and unfair competition law.[1] Plaintiff states that it no longer seeks money damages, only a judgment of infringement and a corresponding permanent injunction.

## STANDARD OF REVIEW

Fed.R.Civ.P. 50(b) provides that if a court does not grant a motion for judgment as a

---

[1] Somewhat confusingly, Plaintiff states "All Metal no longer seeks money damages and, as such, does not seek judgment as a matter of law or a new trial on damages. All Metal seeks only a judgment of infringement and a corresponding permanent injunction." (ECF #71 at 1) However, it is unclear how seeking a "judgment" differs from judgment as a matter of law and Plaintiff does not provide any clarification. The Court will not re-address a summary judgment issue at this late juncture, and will treat Plaintiff's motion as one for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b). Further, despite the quoted statement above, in its conclusion in its Reply Brief, Plaintiff requests the alternative relief of a new trial.

matter of law made after the close of all the evidence and the party renews its request after a verdict is returned, the court may (1) allow the judgment to stand, (2) order a new trial, or (3) direct entry of judgment as a matter of law. The "standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is precisely the same as the standard for granting the pre-submission motion." Wright & Miller, *Federal Practice and Procedure*: Civil 2d § 2537, p. 347 (footnote omitted).

That is, judgment as a matter of law may be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 543 (6th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000); see also Fed. Civ. R.50(b). "The Court is not free to weigh the parties' evidence or to pass upon the credibility of witnesses. Nor may the Court substitute its own judgment for that of the jury.... When the evidence would permit reasonable minds to differ on the issues decided, a motion for judgment as a matter of law must be denied. In short, every effort must be made to uphold the verdict if reasonably possible." *In re Scrap Metal Antitrust Litigation*, No. 1:02 CV 0844, 2006 WL 2850453, at *8 (N.D. Ohio Sept. 30, 2006).

The application of Fed. Civ. R.59 is similarly limited, and does not permit a court to set aside a jury verdict "simply because different inferences and conclusions could have been drawn or because some other results are more reasonable." *J.C. Wyckoff & Assoc., v. Standard Fire Insurance Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991). Under Fed. R. Civ. P. 59(a), "a new trial may be granted to all or any of the parties and on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted

in actions at law in the courts of the United States...."

When reviewing a motion for a new trial, a court "should indulge all presumptions in favor of the validity of the jury's verdict." *Brooks v. Toyotomi Co.*, 86 F.3d 582, 588 (6th Cir. 1996)(*citing Ragnar Benson, Inc. v. Kassab*, 325 F.2d 591, 594 (3rd Cir. 1963)). A jury verdict must be upheld so long as there is any competent and substantial evidence in the record to support it, even if contradictory evidence was presented. *Green v. Francis*, 705 F.2d 846, 849 (6th Cir. 1983).

Nevertheless, on a motion for new trial, as contrasted with a motion for judgment as a matter of law, the judge may set aside the verdict even though there exists substantial evidence to support it. *McDonald v. Petree*, 409 F.3d 724 (6th Cir. 2005). However, the district court "should refrain from interfering with a jury's verdict unless it is clear that the jury reached a seriously erroneous result." *Brooks*, 86 F.3d at 588. The Sixth Circuit has explained that a "seriously erroneous result" would be evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion *i.e.*, the proceedings having been influenced by prejudice or bias. *Holmes v. City of Massillon*, 78 F.3d 1041 (6th Cir. 1996).

Moreover, procedural errors, such as a mistake regarding the admission or exclusion of evidence or an error made in instructing the jury, cannot be the basis for ordering a new trial unless the error affects a substantial right of a party. See Fed. R. Civ. P. 61. Thus, a motion for a new trial will not be granted unless the moving party suffered prejudice. *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir.2004)(citing *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir.1987)) (holding that a new trial will not be granted on the ground that

surprise evidence was admitted unless the moving party was prejudiced). Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial. *Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500, 514 (6th Cir.1998).

## DISCUSSION

The basis of Defendant's motion is that the twelve member jury erred in answering all ten interrogatories because based on the evidence offered at trial, reasonable minds could only conclude that each one of those interrogatories should have been answered in Plaintiff's favor. Plaintiff notes various testimony or documents which "dispositively" establish that its ALL METAL mark has secondary meaning and that there was likelihood of confusion. While, the evidence referred to by Plaintiff could certainly provide an inference of secondary meaning and/or likelihood of confusion, it was by no means dispositive in a legal sense. Further, Defendant introduced witnesses and documents which supported her position on those questions. After carefully reviewing the record, filings and briefs, the Court concludes that the evidence would permit reasonable minds to differ on the issues decided. The Court must not and will not weigh the evidence or make credibility determinations. The jury did that and its decisions were reasonably supported by the evidence. Accordingly, a motion for judgment as a matter of law must be denied.

Similarly, with respect to Plaintiff's half hearted alternative request for a new trial, this Court will " indulge all presumptions in favor of the validity of the jury's verdict." *Brooks*, 86 F.3d 582, 588 (citation omitted) and uphold the jury's verdict so long as there is any competent and substantial evidence in the record to support it, even if contradictory evidence was presented.

7

See *Green*, 705 F.2d 846, 849. Based upon review of the trial transcript, evidence and filings, the Court does not find that the answers to interrogatories were "seriously erroneous." That is the answers were not against the weight of the evidence and there was no showing that trial was unfair to the Plaintiff or that the answers were influenced by prejudice or bias. *Holmes*, 78 F.3d 1041. As such, Plaintiff's motion for a new trial is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Renewed Motion for Judgment as a Matter of Law or, for a New Trial (ECF #73) is denied.

**IT IS SO ORDERED.**

_____
**DONALD C. NUGENT**
**UNITED STATES DISTRICT JUDGE**

DATE: April 9, 2012